STANLEY GRAVES, *By etc. v.* ISADORE KATZEN, *Trading, etc.*

(No. 7222)

Submitted May 24, 1932. Decided June 11, 1932.

*Crockett & Tucker* and *C. A. Tutwiler* and *Steptoe & Johnson,* for plaintiff in error.

*Strother, Sale, Curd & St. Clair,* for defendant in error.

LITZ, JUDGE:

This is a writ of error to a judgment of $12,500.00 in favor of plaintiff, Stanley Graves, suing by next friend, against defendant, Isadore Katzen, trading as McDowell Supply Company, for personal injury sustained by plaintiff when struck by a motor truck owned and operated by defendant.

The accident occurred about six p. m., January 20, 1931, in the city of Welch. Plaintiff (nineteen years of age), accompanied by Samuel Solins, while walking along the left side of a paved highway, was hit by the truck approaching from the rear, when it attempted to pass another motor

vehicle proceeding in the same direction. He was thrown about ten feet to the pavement where his head struck, causing a compound depressed fracture of the skull, which rendered his unconscious. One of his knees also was seriously injured. Upon his immediate removal to a hospital, he underwent an operation involving the removal of a piece of the skull about the size of a silver quarter, pressing on the brain, and a hemorrhage of blood between the skull and the outer covering of the brain. He was discharged from the hospital February 4th, following, and returned to his work as stenographer for Solins a few weeks later.

The admission of lay and expert evidence in behalf of plaintiff to prove his alleged mental impairment due to the injury, constitutes the chief assignment of error. Dr. George A. Wright, a neurologist and superintendent of an insane asylum at Marion, Virginia, who examined plaintiff upon three occasions, testified, in substance, that he had already sustained fifty per centum mental impairment; and that epilepsy would probably follow. Defendant contends that the testimony of Dr. Wright on the present mental condition of plaintiff should have been excluded as based partly on hearsay; and that his opinion as to the chances of plaintiff developing epilepsy is inadmissible for the additional reason that it does not forecast such eventuality with sufficient certainty.

Dr. Wright expressed his opinion: first, as to the present mental condition of plaintiff, stating that if mentally normal prior to the injury he has sustained therefrom fifty percentum mental impairment; second, as to the condition of the brain structure in the area of the injury, stating that from the nature of the injury and the observed mental impairment there had been a concussion or lesion of the brain resulting in adhesions or scar tissue; and, third, as to the probability of the development of convulsions or epilepsy from the injury. It is asserted that Dr. Wright, in predicating his opinion evidence partly on "the history of the case", included hearsay statements by the plaintiff and others as well as the physical evidence of the injury. A careful examination of his testimony will disclose that in referring

to the history of the case he intended the "authentic history" of the injury from the hospital records (in accordance with the testimony of the surgeon who performed the operation) and x-ray examinations by himself. He interviewed the plaintiff to determine his mental capacity, and not the extent of his physical injury. His opinion both as to the present mental condition of plaintiff and the probable future trends of the injury were based upon the physical evidence as disclosed by the hospital records (supported by the testimony of the operating surgeon) and x-ray examinations, his wide experience as a neurologist, and the fact, testified to by other witnesses, that plaintiff was mentally normal before the injury. A medical expert, properly qualified, may testify "as to the probable future consequences of an injury, provided the consequences anticipated are such as in the ordinary course of events may reasonably be expected to happen, and are not merely speculative or possible." Jones Commentaries on Evidence, (2nd Ed.), p. 2458.

The evidence of the lay witnesses on the mental condition of plaintiff was admissible. Non-experts, when qualified by adequate observation of a person, may testify as to his mental capacity. 11 R. C. L. 603.

The judgment is affirmed.

*Affirmed.*